In the

# United States Court of Appeals
## For the Seventh Circuit

No. 16-3915

GEORGE D. HIRMIZ,

*Plaintiff-Appellant,*

*v.*

NEW HARRISON HOTEL CORP., d/b/a TRAVELODGE HOTEL
CHICAGO,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 15 C 6874 — **Amy J. St. Eve**, *Judge.*

SUBMITTED MARCH 27, 2017— DECIDED APRIL 6, 2017

Before POSNER, SYKES, and HAMILTON, *Circuit Judges.*

POSNER, *Circuit Judge*. George Hirmiz, a front-desk clerk
at a Travelodge Hotel, was fired after being caught on video
sleeping in the hotel lobby while a fight broke out among
several guests. He sued the hotel under the Americans with
Disabilities Act, 42 U.S.C. § 12101 et seq., claiming that his
employer had failed to accommodate a malady that he had

contracted as a result of long-term exposure to high levels of electromagnetic voltage at the hotel; had discriminated against him because of his disorder; and finally had fired him in retaliation for his having complained about the hotel's voltage levels to the Occupational Safety and Health Administration. The district court granted summary judgment in favor of the hotel on the ground that Hirmiz had failed to present evidence that he is disabled within the meaning of the Americans with Disabilities Act, that he'd engaged in any protected activity before his termination (an essential element of his ADA retaliation claim), or that the complaint he'd filed with OSHA had played any role in his termination.

There is debate in the medical community over whether sensitivity to electromagnetic voltage is a physical disorder or a psychological one. See, e.g., Caitlin Dewey, "Are 'WiFi Allergies' a Real Thing? A Quick Guide to Electromagnetic Hypersensitivity," *Washington Post* (Aug. 31, 2015), www. washingtonpost.com/news/the-intersect/wp/2015/08/31/are-wifi-allergies-a-real-thing-a-quick-guide-to-electromagnetic-hypersensitivity. If it is psychological, the symptoms might not constitute a disorder that would entitle Hirmiz to the protections of the Americans with Disabilities Act. A great deal of psychological distress is trivial—fear of black cats, for example. And indeed the district court found that Hirmiz had provided no evidence—medical or otherwise—that he suffers from any "impairment" that "substantially limits" any of his "major life activities," as required to prove the existence of a disability under the Americans with Disabilities Act. 42 U.S.C. § 12102(1)–(2); *Carothers v. County of Cook*, 808 F.3d 1140, 1147–48 (7th Cir. 2015). Nor did he even try to prove that he fits either of the other definitions of "disabil-

ity" in the ADA—that he has a "record" of such an impairment or that he was "regarded as having" one by his employer. See 42 U.S.C. § 12102(1).

As for his claim that his discharge was retaliatory, the district judge found that he'd engaged in no activity shielded from employer discipline by the ADA. Although the statute protects employees who suffer retaliation after seeking an accommodation by their employer, or filing a complaint of discrimination on account of a disability, *Preddie v. Bartholomew Consolidated School Corp.*, 799 F.3d 806, 814–15 (7th Cir. 2015), Hirmiz had neither sought an accommodation, nor filed his discrimination charge with the EEOC, until after he was fired. Nor had he shown any causal link between his OSHA complaint and his termination—and furthermore OSHA had found the hotel's electromagnetic voltage levels to be normal and the hotel had provided valid reasons, unrelated to Hirmiz's alleged disability, for firing him (such as sleeping on the job). See *Reid v. Neighborhood Assistance Corp. of America*, 749 F.3d 581, 586–90 (7th Cir. 2014).

He has tried to give us new evidence regarding his medical condition, including disciplinary records in his personnel file that he complains are false and communications with agencies or persons (including the FBI, the Illinois Department of Human Rights, and the Governor of Illinois) which or whom he claims he contacted about his complaints against the hotel. No luck; new evidence may not be presented on appeal. *Packer v. Trustees of Indiana University School of Medicine*, 800 F.3d 843, 849 (7th Cir. 2015).

The judgment of the district court is

AFFIRMED.